UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QFS Transportation, LLC, | ) |
| Plaintiff, | ) Case No.: 1:21-cv-00769 |
| vs. | ) Judge Michael R. Barrett |
| Robyn Huguely, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff QFS Transportation, LLC's Motion to Dismiss the Counterclaim of Defendant Robyn Huguely (Doc. 39), which is unopposed. This matter is also before the Court on Defendant Robin Huguely's Motion to Vacate Default Judgment (Doc. 43), which is opposed (Doc. 44).

**I.  BACKGROUND**

**Allegations of the Verified Complaint.** Plaintiff QFS Transportation, LLC ("QFS") is a Nevada limited liability company and registered to do business in Ohio, with its principal place of business located here in Hamilton County, Ohio. (Doc. 1 (¶ 1)). Defendant Robyn Huguely ("Huguely") is a resident of Newnan, Georgia and is a principal and officer of co-Defendant Queen Logistics, LLC ("Queen"). (*Id.* (¶ 2)). Queen is a Georgia limited liability company with a principal place of business located in Jonesboro, Georgia. (*Id.* (¶ 3)). Defendant Mercury Transportation, Inc. d/b/a World Logistics USA, LLC ("Mercury") is a New Jersey corporation with its principal place of business located in Allentown, New Jersey. (*Id.* (¶ 4)).

1

QFS is a federally registered motor carrier that, among other things, provides third-party logistics services throughout the United States.  (Doc. 1 (¶ 10)).  QFS engages independent contractors as agents to perform services for existing QFS customers in a given local market, as well as to develop additional business there.  (*Id.* (¶11)).  On July 22, 2020, QFS and Queen entered into an Agreement for Regional Business Development ("Agreement") that included sections governing "Exclusivity", "Non-Competition", and "Non-Solicitation".  (*Id.* (¶ 19)).  Among its duties, Queen was to develop and solicit freight transportation exclusively for QFS in the southeastern region of the United States.  (*Id.* (¶ 21)).  Huguely personally and expressly guaranteed all of Queen's obligations to QFS under the Agreement.  (*Id.* (¶ 20); Doc. 1-1 PAGEID 23 & (¶ 2(E)).  QFS alleges that it terminated its relationship with Queen on September 13, 2021 and, thereafter, Queen entered into a relationship with Defendant Mercury—a direct competitor of QFS—to perform the same services as it performed for QFS.  (Doc. 1 (¶¶ 31–33)).  On November 19, 2021, QFS sent a cease-and-desist letter to both Huguely and Queen.  (Doc. 1-2).  QFS sent a letter to Mercury the same date.  (Doc. 1-3).  By return correspondence through counsel, Mercury denied any wrongdoing.  (Doc. 1-4).

On December 10, 2021, QFS filed a Verified Complaint for Temporary Restraining Order, Injunctive Relief, and Damages against Huguely/Queen for breach of contract[1]; against Huguely/Queen and Mercury for violations of Ohio's Uniform Trade Secrets Act ("OUTSA"), Ohio Rev. Code § 1333.61–.69[2]; and against Mercury for tortious interference

---

[1] (Doc. 1 (¶¶ 46–53, 54–59)).

[2] (Doc. 1 (¶¶ 60–72)).

with a contract (the Agreement between Huguely/Queen and QFS)[3]; and against Huguely/Queen and Mercury for tortious interference with business relationships (between QFS and its (current and prospective) agents, owner-operators, drivers, and customers)[4].[5] As required under the local rules,[6] QFS filed a separate Motion for Temporary Restraining Order and Preliminary and Permanent Injunction. (Doc. 8). The Court subsequently allowed QFS the opportunity to supplement its Motion.[7] (Doc. 12).

**Motion Practice.** On January 6, 2022, Defendant Huguely, proceeding *pro se*, filed a memorandum in opposition to QFS's Motion for Temporary Restraining Order (Doc. 13) and, in the same memorandum, a Motion to Dismiss, and/or in the alternative, to Transfer Venue (Doc. 14).[8] On January 20, 2022, QFS filed a combined reply in support of its Motion for Temporary Restraining Order (Doc. 21) and memorandum in opposition to Huguely's Motion to Dismiss, and/or in the alternative, to Transfer Venue (Doc. 22). On January 28, 2022, Huguely filed a reply in support of her Motion to Dismiss, and/or in the alternative, to Transfer Venue (Doc. 25) and, again in the same memorandum, a Motion to Strike Plaintiff QFS's Complaint for "UnPerfected" Service (Doc. 26).[9] On February 8, 2022, the Court denied Huguely's Motion to Dismiss, and/or

---

[3] (Doc. 1 (¶¶73–77)).

[4] (Doc. 1 (¶¶ 78–84)).

[5] (Doc. 8 PAGEID 81; Doc. 12 PAGEID 142).

[6] *See* S.D. Ohio Civ. R. 65.1(b).

[7] (12/21/2021 Minute Entry).

[8] The Clerk docketed Huguely's memorandum twice to capture both events in CM/ECF.

[9] As before, the Clerk docketed Defendant Huguely's memorandum twice to capture both events in CM/ECF.

in the alternative, to Transfer Venue and denied as moot her Motion to Strike. (Doc. 30). The next day, February 9, 2022, the Court entered a Temporary Restraining Order against Defendants Huguely, Queen, and Mercury[10] (Doc. 31), which expired on March 9, 2022 (Docs. 35, 36).

On January 28, 2022, Huguely also filed a "Counter-Claim" for "Discrimination, Breach of Contract and failure to provide the agreed upon services and administration of proper policy and procedure[.]" (Doc. 27). QFS moves to dismiss this counterclaim because it is a procedural "anomaly." (Doc. 39). Huguely has not filed a memorandum in opposition to this motion.[11]

Upon application by QFS, the Clerk entered default against Huguely and Queen on March 3, 2022. (Docs. 38, 40, 41); *see* Fed. R. Civ. P. 55(a). Thereafter, on March 17, 2022, Huguely filed a motion to vacate the default "judgment" entered on March 3, 2022 "on behalf of herself and Queen Logistics, LLC". (Doc. 43). QFS has filed a memorandum in opposition to Huguely's motion to vacate. (Doc. 44).

The Court will discuss the pending motions in reverse order.

---

[10] Mercury filed a Motion to Dismiss QFS's Verified Complaint (pursuant to Fed. R. Civ. P. 12(b)(2)) for lack of personal jurisdiction on February 21, 2022. (Docs. 32, 34). This Motion is fully briefed (Docs. 37, 42) and remains pending.

[11] *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees.").

4

II.     LAW AND ANALYSIS

**Huguely's Motion to Vacate.**   Default under Fed. R. Civ. P. 55 is a two-step process—first, an entry of default by the Clerk[12] and, second, the subsequent entry of a default judgment either by the Clerk[13] or the Court[14]. *Rodriguez v. Irwin*, No. 7:10-CV-102-FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011).  "The entry of default under Rule 55(a) is simply a formal matter placing defendant on notice that it is in default, and does not constitute entry of a judgment." *Id.* (citations omitted).  Here, the Clerk entered default (as opposed to a default *judgment*) against both Huguely and Queen on March 3, 2022.  Accordingly, the Court will construe Huguely's *pro se* motion as one to set aside these entries of default under Rule 55(c).

At the outset, Huguely's motion as it relates to co-Defendant Queen will be denied. In two previous Orders[15], the undersigned noted that Huguely may not proceed on behalf of Queen because a corporation "must be represented in court by an attorney and may not be represented by an officer." *Harris v. Akron Dep't of Public Health*, 10 F. App'x 316, 319 (6th Cir. 2001) (citations omitted); *see Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir.

---

[12] "**When a party** against whom a judgment for affirmative relief is sought **has failed to plead or** otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default."  Fed. R. Civ. P. 55(a) (emphases added).

[13] Fed. R. Civ. P. 55(b)(1).

[14] Fed. R. Civ. P. 55(b)(2).

[15] (Doc. 30 PAGEID 326 n.8; Doc. 31 PAGEID 337 n.13).  And, during the Status Conference (by telephone) held on January 12, 2022, the undersigned expressly advised Huguely that she could proceed *pro se* on her own behalf, but not on behalf of her company.

5

2011) (citing, *inter alia*, 28 U.S.C. § 1654).[16] The Clerk's entry of default against Queen, therefore, remains in place.

Turning to Huguely, the Clerk entered default based on the declaration (Doc. 38-1) submitted by QFS attorney, Charles E. Rust. Mr. Rust testified that Huguely failed to file a responsive pleading by February 22, 2022, which was 14 days after the Court's February 8, 2022 Opinion and Order denying both her Rule 12(b)(3) motion to dismiss and alternate 28 U.S.C. § 1404(a) motion to transfer[17]. *See* (Doc. 38-1 PAGEID 399 (¶¶ 6–10); Doc. 38 PAGEID 395–96). In support of her motion to vacate, Huguely attaches an "Answer" that she claims she sent to the Clerk—by ordinary mail—on February 8, 2022. (Doc. 43 PAGEID 425–27). This pleading was not received by the Clerk or by opposing counsel[18]. Huguely blames the USPS and comments further that "[t]he court can also see that Defendant did not get the initial 'Service' mailed by the Plaintiff[ ] in this case as well." (*Id.* PAGEID 421).[19]

QFS questions the truth of Huguely's representation, but argues that, regardless, her "Answer" fails to raise a meritorious defense such that vacating the entry of default against her "would be an exercise in futility." (Doc. 44 PAGEID 432). The Court agrees.

---

[16] QFS cites *Mfrs. Representatives Inc. v. Internal Revenue Serv.*, No. 1:12-cv-749, 2012 WL 6830382, at *1 (S.D. Ohio Nov. 29, 2012), *report and recommendation adopted*, 2013 WL 452813 (S.D. Ohio Jan. 3, 2013) for this proposition.

[17] *See* Fed. R. Civ. P. 12(a)(4)(A).

[18] (Doc. 44 PAGEID 430 ("Plaintiff has yet to receive service of the purported Answer, or any of Defendant's other filings in this case, despite her certifications that those filings have been served by regular mail.")).

[19] The record does not support Huguely's observation about the USPS. Copies of the Verified Complaint and Motion for Temporary Restraining Order and Preliminary and Permanent Injunction—along with a Notice of Lawsuit and Request to Waive Service of a Summons—were sent to Huguely on December 10, 2021 via commercial carrier *FedEx* (Priority Overnight). (Doc. 16 (¶¶ 1–4) & Docs. 16-1, 16-2).

An entry of default may be set aside "for good cause[.]" Fed. R. Civ. P. 55(c). District courts enjoy "considerable latitude" under the "good cause" standard. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined toward leniency." *Smith v. Commr. of Internal Revenue*, 926 F.2d 1470, 1480 (6th Cir. 1991) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194–95 (6th Cir. 1986)). Still, a court may refuse to set aside a default "**where the defaulting party has no meritorious defense**, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default." *Burger v. Engineered Paint Applications, LLC*, No. 1:17-cv-1063-STA-egb, 2017 WL 3431439, at *6 (W.D. Tenn. Aug. 9, 2017) (quoting *Shepard Claims Serv.*) (emphasis added).

A "likelihood of success is not the measure" in analyzing whether a defendant has a meritorious defense. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2013 WL 992125, at *10 (S.D. Ohio Mar. 13, 2013) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). "[T]he criterion is merely whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011)) (cleaned up). "Thus, even conclusory assertions may be sufficient to establish 'the hint of a suggestion' needed to present a meritorious defense." *Id.*

7

The "Answer" that Huguely claims she mailed to the Clerk (and served on QFS's counsel) is a general denial of the allegations of QFS's Complaint. (Doc. 43 PAGEID 425–26 ("Defendant Robin Huguely denies all allegations in Plaintiffs Complaint.")). A general denial, however, is *in*sufficient to demonstrate a meritorious defense. *Smith*, 926 F.2d at 1480 (a general denial does not amount to even a "hint of a suggestion" that the defendant can dispute the allegations in the complaint). Thus, Huguely's motion to set aside the Clerk's March 3, 2022 entry of default against her will be denied.

In every Status Conference (by telephone) held in this matter, the undersigned advised Defendant Huguely of the importance of retaining counsel to defend the pending claims against her. The Court does so again. Within the Sixth Circuit, "cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 United States Currency*, 595 F3d 318, 322 (6th Cir. 2010) (citations omitted). To this end, the Court would be willing to reconsider its ruling should counsel enter an appearance on behalf of Huguely and Queen and file the appropriate papers, *so long as* a final default judgment against them has not been entered.

**QFS's Motion to Dismiss.** QFS prefaces its motion by describing the filing of Huguely's "Counter-Claim" as "somewhat of a procedural anomaly." (Doc. 39 PAGEID 403). It was filed as a stand-alone "pleading" yet, under the civil rules of procedure, a counterclaim on its own is not a pleading. Instead, a counterclaim can only be stated *within* a pleading. And, because Huguely's counterclaim wasn't, it should be dismissed. QFS is correct.

"Pleadings" are defined by the exhaustive list set forth in Fed. R. Civ. P 7(a)(1)–(7). A "counterclaim" is not on that list. Rather, Fed. R. Civ. P. 13 governs counterclaims (and crossclaims). Counterclaims, whether compulsory or permissive, must be stated in a *pleading*. Fed. R. Civ. P. 13(a), (b).[20] And "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served **with the pleading that states the counterclaim** or crossclaim." Fed. R. Civ. P. 12(a)(1)(B) (emphasis added).

While held to a less stringent standard, "pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure." *Tesley v. Martin*, 2019 WL 11003420 (6th Cir. Apr. 1, 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Because Huguely's counterclaim was required to be stated in a pleading, and it wasn't, it is appropriately dismissed. *See Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1089 (D. Del. 1984) ("[B]ecause [defendant] has filed no pleading, its counterclaims must be dismissed and/or stricken at this juncture.").

### III.  CONCLUSION

Plaintiff QFS Transportation, LLC's Motion to Dismiss the Counterclaim of Defendant Robyn Huguely (Doc. 39) is hereby **GRANTED**. Defendant Robyn Huguely's Motion to Vacate Default Judgment (Doc. 43) is hereby **DENIED**, such that Defendant Robyn Huguely and Defendant Queen Logistics, LLC remain in default.

**IT IS SO ORDERED.**

                          /s/ *Michael R. Barrett*
                          JUDGE MICHAEL R. BARRETT

---

[20] *Cf.* Fed. R. Civ. P. 13(e) ("The Court may permit a party **to file a supplemental pleading** asserting a counterclaim that matured or was acquired by the party **after serving an earlier pleading**.") (emphases added).